THE STATE vs. HUTSON.

1. Hutson, for Hudson, in an indictment, is not a misnomer.

## ERROR to Jackson Circuit Court.

HICKS, for plaintiff in error.

D and T are not of the same sound, or *idem sonans*. Every consonant in the alphabet, at the beginning of a word or syllable, or the termination thereof, has a separate and distinct sound. For instance, Fort and Ford; Hotson and Hodson; Hurd and Hurt; Hart and Hard; Hod and Hot: 7 Serg and Rawle 479; 4 Cowan R. 148; 3 Caines cases, 219; 2 N. Hampshire Rep. 538; 2 Spears S. C.46; 10 East. R. 83.

GARDENHIRE, Attorney General, for the State.

The only question in this case is whether Hutson for Hudson is a misnomer.

The sound of the name is not affected by the misspelling, and the error is not material: 1 Chit. C. L. 202: Dickenson vs. Kay 16 East 110, in which it was decided that the variance between Key and Kay was immaterial.

If the two names differ in sound, they are in original derivation the same; are taken promiscuously in common use, and the error is immaterial: 1 Chit. C. L. 202; Bac. Abr. misnomer A; Tibbets vs. Kiah, 2 N. H. Rep. 557; which decides that Kiah for Currier is no misnomer; Commonwealth vs. Gillispie, 7 S. & R. 479; in which the court say, Burrall, Burrill, Burrell and Burwell, are, in pleas of misnomer, *idem sonans*, and draw a distinction between cases in which sound is of the substance of a name, and cases in which an instrument containing a name is set out *in haec verba*.

T is convertible with D, and at most, is but a mute articulation, Websters Dictionary (unabridged) letter D and T. The popular pronunciation of the two letters is precisely the same: Cato vs. Hutson, 7 Mo. R. 146, 147; which settles the case at bar. In this last case it was decided that Hutson was no variance for Hudson; which I have an inkling is somewhat in point.

RYLAND, J., delivered the opinion of the court.

This was an indictment, found by the grand jury of Jackson county, at the March term of the circuit court, in the year 1851, against Thos. Hutson, the plaintiff in error, for selling intoxicating liquor in a less quantity than a quart, without license.

The defendant below appeared to the indictment and filed his plea in abatement, alleging a misnomer in this, that his name is "Thomas Hudson and not Thomas Hutson."

The State demurred to this plea, and the court below sustained the demurrer. The defendant was required to answer to the indictment. A

plea of not guilty was entered; a trial had thereon; the defendant was found guilty, and judgment rendered against him for the fine assessed by the jury. The defendant filed his bill of exceptions to the ruling of the court below against him, and brings the case to this court by writ of error.

The only point relied upon for reversing the judgment below, arises on the plea in abatement and the demurrer thereto, and the ruling of the court thereon.

We find no error in the court below in sustaining the demurrer to this plea. This case comes fully within the principles contained in the case of Wilkerson vs. The State, XIII Mo. Rep. page 91, and to that case we refer, as fully deciding this.

The judgment is affirmed, the other judges concurring.